IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| SHAYNE BERTELSEN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN E. RUIZ,<br><br>Respondent | Cause No. CV 25-109-GF-DWM<br><br>ORDER |

Shayne Bertelsen, a Montana state prisoner proceeding pro se, seeks habeas corpus relief. Bertelsen is presently incarcerated in the Tallahatchie County Correctional Center in Tutwiler, Mississippi, pursuant to an interstate transfer. In September of this year, Bertelsen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 in the Eastern District of Washington. (Doc. 1.) The matter was then transferred to the Northern District of Mississippi, Oxford Division. (Doc. 3.) Following Bertelsen's payment of the filing fee, the matter was subsequently transferred to the District of Montana. (Doc. 12.) Bertelsen is very familiar to this Court, he has repeatedly attempted to challenge his state judgment of conviction and sentence via federal habeas.

By way of background, the Montana Supreme Court recently explained:

1

> On January 25, 2017, a Cascade County jury found Bertelsen guilty of incest where the victim was twelve years old or younger and Bertelsen was over the age of eighteen years along with finding him guilty of tampering with a witness. The Cascade County District Court sentenced Bertelsen to the Montana State Prison for a term of 100 years with fifty years suspended for the sexual offense and a concurrent ten-year term for the second felony. The court designated Bertelsen a Tier II sexual offender and awarded 361 days of credit for time served.
>
> Through counsel, Bertelsen appealed, raising two issues. *State v. Bertelsen*, No. DA 17-0555, 2020 MT 88N, 2020 Mont. LEXIS 1087 (Apr. 14, 2020) (*Bertelsen I*). He argued a violation of his constitutional right to a speedy trial and an illegal assessment of an information technology fee. *Bertelsen I*, ¶ 2. The State conceded the second issue. *Bertelsen I*, ¶¶ 2, 18. This Court addressed the first issue and concluded that the "pretrial incarceration was not oppressive." *Bertelsen I*, ¶ 17. We provided: "On December 9, 2015, Bertelsen was arrested and charged by Information with incest for having sexual contact with his four-year-old granddaughter. On the same day, Bertelsen was released on bond." *Bertelsen I*, ¶ 3. The court continued his trial several times, and during that time, Bertelsen contacted the victim's mother where he put forth there was no evidence. *Bertelsen I*, ¶ 4. On July 13, 2016, the District Court revoked his bond and issued a warrant for his arrest after the State had sought such relief, amending the charge to include a new charge of witness tampering. *Bertelsen I*, ¶ 4.

*Bertelsen v. Rosa*, No. OP 25-0749, 2025 WL 3218254, at *1 (Mont. Nov. 18, 2025). Bertelsen argued in his state habeas petition that he was innocent of all crimes and that there was no victim for the "fake crime called incest." The Court determined Bertelsen's claims lacked merit and that because he had already exhausted his remedy of appeal, he was barred from challenge his conviction via state habeas. *Id.* The Court also noted that Bertelsen had filed three similar petitions and that continuing to do so would result in filing restrictions. The matter was denied and dismissed. *Id.*

2

Bertelsen's federal filing history has been set forth in great detail in prior orders of this Court and will not be repeated herein. All of Bertelsen's prior federal habeas petitions have been dismissed.[1] Additionally, it was previously determined that Bertelsen failed to make a compelling showing of actual innocence that would excuse the default of his claims. *See, Bertelsen v. Dunhop et al.*, CV-21-102-GF-BMM, Or. at 4-5 (D. Mont. Feb. 17, 2022). Despite being convicted by a jury and advised by the Montana Supreme Court of the validity of his convictions, Bertelsen continues to insist that he is illegally imprisoned and did not commit the offense of incest. *See e.g.*, (Doc. 1 at 1-3.)

The form Bertelsen submitted is for a petition pursuant to 28 U.S.C. §2241. (*Id.* at 1.) 28 U.S.C. §2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" *Frantz v. Hazey*, 533 F. 3d 724, 735 (9th Cir. 2008 (en banc) (*quoting White*, 370 F. 3d at 1006). Section 2241 provides the authority for granting habeas relief to a person "who is not in custody pursuant to a state

---

[1] See, *Bertelsen v. State*, CV-17-48-GF-BMM, Or. (D. Mont. July 10, 2017)(dismissed as unexhausted); *In re: Bertelsen*, CV-19-20-GF-BMM, Or. (D. Mont. April 9, 2019) (dismissed as unexhausted); *Bertelsen v. Attorney General*, Cause No. CV-20-39-GF-BMM, Or. (D. Mont. June 30, 2020) (dismissed as unexhausted); *Bertelsen v. Dunhop et al.*, Cause CV-21-102-GF-BMM, Or. (D. Mont. Feb. 17, 2022)(dismissed as unexhausted and procedurally defaulted); *In re Bertelsen*, Cause No. CV-23-cv-31-BMM, Or. (D. Mont. June 26, 2023)(dismissed for lack of jurisdiction as a successive filing).

court judgment" but, rather, who is in custody for some other reason, such a pretrial detention or awaiting extradition. *White*, 370 F. 3d at 1006. Conversely, Section 2254 applies to prisoners who are in custody pursuant to a state court conviction. *White v. Lambert*, 379 F. 3d 1002, 1009-10 (9th Cir. 2004). Thus, when an individual is in custody pursuant to a state court judgment, 28 U.S.C. § 2254, provides the only habeas remedy for any challenge to his detention, regardless of the nature of such challenge. *White v. Lambert,* 370 F. 3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall,* 603 F. 3d 546 (9th Cir. 2010)(en banc). Because Bertelsen is in custody pursuant to a state court judgment, any putative claim is cabined by Section 2254 and not under Section 2241.

But as Bertelsen has been previously informed, there is no relief that this Court may provide. Generally, a petitioner has only one full and fair opportunity to challenge a state court judgment of conviction, absent very limited circumstances. *See e.g., U.S. v. Barrett*, 178 F. 3d 34, 57 (1st Cir. 1999); *see also* 28 U.S.C. § 2244(b) (prohibiting the filing of second or successive petitions); *Burton v. Stewart,* 549 U.S. 147, 149 (2007) (per curiam)(district court lacks jurisdiction to hear a second or successive petition absent authorization from the Circuit Court). Bertelsen had his opportunity to challenge his 2017 conviction. He

4

failed to demonstrate actual innocence with newly discovered evidence. There is no additional relief available.

Until Bertelsen obtains authorization from the Ninth Circuit to file in this Court, under 28 U.S.C. § 2244(b)(3)(A), this Court lacks jurisdiction to hear this petition or any future filings. *Burton v. Stewart*, 549 U.S. 147, 149 (2007)(per curiam). Bertelsen continues to abuse the writ and consume this Court's time and resources. This matter is dismissed. Absent authorization from the Ninth Circuit to file a second and/or successive petition, no further filings from Bertelsen challenging his 2017 state court conviction will be accepted.

A certificate of appealability is denied because there is no doubt this Court lacks jurisdiction. Transfer to the Court of Appeals is not in the interest of justice. *See,* 28 U.S.C. § 1631.

Accordingly, IT IS HEREBY ORDERED as follows:

1. This matter is DISMISSED for lack of jurisdiction. The Clerk of Court shall enter, by separate document, a judgment of dismissal.

2. Unless Bertelsen contemporaneously provides an authorization from the Circuit permitting a second/successive petition, the Clerk of Court shall accept no further filings from Bertelsen challenging his 2017 state court conviction. If no authorization is provided, future documents from Bertelsen are to be discarded by the Clerk and will not be considered.

3.   A certificate of appealability is DENIED.

4. This action is CLOSED. Aside from a notice of appeal, no further documents may be filed.

DATED this 9th day of December, 2025.

_____
Donald W. Molloy, District Judge
United States District Court